Filed May 13, 1892.

---

No. 15,1

## THE PHŒNIX INSURANCE COMPANY OF BROOKLYN *v.* PERRY.

INSURANCE.—*Loss by Fire.*—*Special Finding.*—*Notice of Loss.*—*Proof of Ownership.*—In an action on a policy of fire insurance providing that in case of loss or damage the assured shall forthwith give notice of said loss in writing to the company at its Chicago office, the special finding of the jury that the local agent of the company immediately notified the company at its Chicago office of the loss and the probable

amount of damage, and that the company sent its adjuster to estimate the loss, etc., shows a substantial compliance with said provision. While the finding does not state that the notice given was in writing, the first inference is that it was in writing, for it states that the agent sent to the defendant notice of said fire, that the notice gave the number of the policy, etc., and the appellant acted on the notice. The finding of the jury that the policy sued on was issued by the company to the plaintiff (it being stated in the policy that he was the owner of the property), sufficiently shows that the property destroyed was the property of the plaintiff.

From the Madison Circuit Court.

*A. C. Ayres, E. A. Brown* and *L. M. Harvey*, for appellant.

*M. S. Robinson, J. W. Lovett* and *S. M. Keltner*, for appellee.

OLDS, J.—The appellee brought this action against the appellant for loss sustained by reason of the burning of the buildings of the appellee which were insured by the appellant.

There was a trial by jury and a special verdict returned, and judgment upon the verdict in favor of the appellee.

Errors are assigned on the rulings of the court in overruling the appellant's motion for judgment in its favor on the verdict, and in sustaining the motion of the appellee for judgment in his favor.

The questions presented by both of these motions arise on the special verdict. It is contended by counsel for appellant that the verdict is insufficient to support a judgment in favor of the appellee, for the reason, as contended, that it does not find that proper notice and proof of loss was made, or that the appellee was the owner of the property destroyed.

The policy provides that payment will be made on receipt of proper proof of loss, at the appellant's Chicago office. Again it provides that in case of loss or damage the assured shall forthwith give notice of said loss, in writing, to the company. The complaint avers that appellee caused proper

proof of loss to be made to the appellant at its Chicago office.

It is stated in the policy that the appellee is the owner of the property. The verdict finds that the policy sued upon was issued, the premiums paid, and that the buildings were destroyed and the amount of the damages. It further finds that the local agent of the appellant immediately notified the company at its Chicago office of the loss and the probable amount of damages sustained, and that the appellant sent its adjuster to estimate the said loss under said policy, and that he investigated the loss and he made an estimate of the same. It further finds that appellant failed and refused to pay the plaintiff the loss sustained by him by reason of the destruction of his said property by fire. The policy does not point out any manner of making proof of loss or by whom or how notice shall be given, except that it shall be made in writing. The notice was given by the agent, and the appellant accepted such notice, and sent an adjuster, who made an estimate of the loss. The appellant accepted the notice given in the manner and by the person giving it. The object of the notice was to enable the appellant to have immediate opportunity to investigate the particulars as to the fire and estimate the amount of the loss; and acting upon the notice and statement of loss, given in the manner it was, it did investigate and make an estimate. While the finding does not state that the notice given by the agent was in writing the fair inference is that it was in writing, for it states that the agent sent to the defendant notice of said fire, that the notice gave the number of the policy, date of destruction of the building and probable amount of loss, and the appellant acted on the notice.

The averments of the complaint are that the appellee caused proper proof of the loss to be made at the Chicago office. The verdict finds that such notice was given at the Chicago office as the appellant accepted and acted upon and sent an adjuster. This, we think, is sufficient to sustain the

The Hoosier Stone Co. v. The Louisville, New Albany and Chicago R'y Co.

averments of the complaint and entitle the appellee to judgment. The verdict finds that the policy sued upon was issued by appellant to appellee, and it is stated in the policy that appellee is the owner of the property, and, as we interpret the verdict, it also finds that the property destroyed was the property of the appellee, and is sufficient on this point to entitle the appellee to judgment.

While the verdict is not as specific as it should have been, yet we think it is sufficient to entitle the appellee to judgment, and the appellant was not entitled to a judgment in its favor on the verdict.

There is no available error in the judgment.

Judgment affirmed.

Filed March 11, 1892; petition for a rehearing overruled May 12, 1892.